■ STEPHEN COLLINS, Plaintiff, v EBASCO CONSTRUCTORS TRIGEN ENERGY CORP. et al., Defendants. EBASCO CONSTRUCTORS, INC., Third-Party Plaintiff, v CIVES STEEL COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant. CIVES STEEL COMPANY, Fourth-Party Plaintiff-Appellant, et al.,

Fourth-Party Defendant. [664 NYS2d 587] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered October 11, 1996, which denied its motion pursuant to CPLR 308 (5) for court-directed service against a proposed fourth-party defendant, and order of the same court and Justice entered January 28, 1997, which, insofar as appealable, denied third-party defendant's motion to renew, unanimously affirmed, without costs.

Expedient service under CPLR 308 (5), which is allowable only "upon a natural person", is unavailable against a corporation regardless of the impracticability of service under CPLR 311 (a) (1) (*LTD Trading Enters. v Vignatelli*, 176 AD2d 571), or, as appellant asserts, the impossibility of service through the Secretary of State because of the corporation's dissolution. Appellant's argument, raised for the first time on appeal, that such relief is now available under the recently added CPLR 311 (b) (L 1996, ch 337, eff Jan. 1, 1997) is not preserved for appellate review. This determination is without prejudice to appellant moving for relief under the new statute before the IAS Court. Concur—Murphy, P. J., Wallach, Nardelli, Tom and Colabella.